This was ail action
 
 qui tam, ¿be.,
 
 on the act of assembly against usury; and, in the course of the trial, the Court resolved the following points :
 

 I. Richardson, through the mediation of Shoemaker, borrowed $800 of the defendant, and gave his note for $840, payable in one month. There was no talk about premium, at the time of the loan ; but it was understood by the witnesses, that the borrower was to pay at the rate of five per cent, per month for the money. At the end of the month, Richardson paid 168i. on account of his note, and gave a new note, drawn in favor of, and indorsed by, Shoemaker, for the balance. He discharged the amount of his last note at different times ; but il was never given up by the defendant.
 

 Resolved, that this was an illegal loaning of money, not the purchase of a note, so as to avoid the penalties of the act; and that the usury was complete on taking and‘receiving the 168?.; as a proportion of that sum went towards payment of the illegal interest included in the original note,
 

 (a)
 

 II. The usurious contract was stated in several counts of the declaration, to be with Shoemaker and Shirtliffe (who were partners) jointly ; but the proof was of a note given by Shoemaker alone.
 

 Resolved, that this variance is fatal: for, an action upon the note could only be maintained against Shoemaker, who, if he intended to bind his partner, ought to have used the firm of the company ; and besides, if there should be a recovery against the defendant on the present count, it would be no bar to another
 
 qui tam
 
 action on the same note, stating the usurious contract to have been with Shoemaker alone.
 
 (b)
 

 HI. Shoemaker & Shirtliffe borrowed several sums from the defendant, and gave their notes, payable in a month, with interest, at the. rate of five per cent, per month, added to the principal. When these became due, they could not pay the money, but drew new notes, making the principal and interest of the former notes (which were given up by the defendant) principal, and again adding the same excessive interest upon the aggregate amount.
 

 Resolved, that, although no money was actually paid to the defendant, * the second notes were a satisfaction of the first ; and the *usury was -*217] complete, on the defendant’s accepting them, at thereby the original contract between the parties was extinguished. And by McKean, Chief Justice. — It is well established, that the receipt of one thing in satisfaction
 
 *229
 
 of another, is a good payment; as the acceptance of a hone in lieu of a sum of money, or of a bond by a third person, in discharge of a prior obligation,
 
 (a)
 

 Sergeant
 
 and
 
 Bradford,
 
 for the plaintiff.
 
 Lewis, Ingersoll
 
 and
 
 Dallas,
 
 for the defendant.
 

 IV. The Court left it to the jury to determine whether, on certain facts, the defendant had loaned the money, or purchased the note in question : for, they resolved, that a fair purchase might be made of a bond or note, even at 20 or 80 per cent, discount, without incurring the dangers of usury ; and if, upon the present occasion, the defendant had run the risk of a forgery, the presumption ought to operate in her favor, that, for this reason, she had bought the note at a depreciated price,
 

 (b)
 

 (a)
 

 See Philip
 
 v.
 
 Kirkpatrick, Addis. 124; Pawling
 
 v.
 
 Pawling, 4 Yeates 220; Large
 
 v.
 
 Passmore, 5 S. & R. 51; Evans v. Negley, 13 Id. 218.
 

 (b)
 

 See Dunbar v. Jumper, 2 Yeates 74; Evert v. Barr, 4 Id. 99; Livingston v. Swanwick, 2 Dall. 300; Lautermilch v. Kneagy, 3 S. & R. 202; Wilson
 
 v.
 
 Irwin, 14 Id. 176; Craig v. Brown, Peters C. C. 139.
 

 (a)
 

 But see Latapee v. Pecholier, 2 W. C. C. 180; Charles v. Scott, 1 S. & R. 294; Pleasants v. Meng,
 
 post,
 
 p. 380; Hamilton v. Galloway,
 
 post,
 
 420; Wilson v. Hunt, Peters C. C. 441; Hart v. Boiler, 15 S. & R. 162; Roberts v. Gallaher, 2 W. C. C. 191; Leas v. James, 10 S. & R. 307; Brown v. Jackson, 2 W. C. C. 24; Parker v. United States, Peters C. C. 262; Kean v. Dufresne, 3 S. & R. 233; Wolf v. Wyeth, 11 Id. 149.
 

 (b)
 

 In Wycoff v. Loughead, 2 Dall. 92, it was ruled “ That a man may
 
 lona fide
 
 purchase any security for the payment of money, at the lowest rate he can, without incurring the penalties of usury.” See the remarks of Judge Yeates, in Ritchie v. Summers, 3 Yeates 541, as to the right of the vendee to recur to the vendor, in the event of forgery.
 
 [1]
 

 [1]
 

 The case of Ritche
 
 v.
 
 Summers was reversed by the High Ciurt of Errors and Appeals, whose opinion will be found in a note to 30 Penn. St. 147.