## Kirkpatrick *against* Houston.

The receipt of money on account of an usurious contract is a consummation of the offence, from the consequences of which the party cannot relieve himself by a subsequent release of the excess which was usurious.

ERROR to the Common Pleas of *Armstrong* county.

John L. Kirkpatrick, who sued as well for himself as for the commonwealth, against Samuel Houston.

This was an action of debt for the penalty imposed by the statute against usury. The proof was, that on the 12th of August 1840, the defendant loaned to the plaintiff $1800, and took his bond for $2000, payable on the 1st of October 1840, with a warrant of attorney to confess judgment. On the 1st of January 1841, the plaintiff paid to the defendant $710, " being part of a judgment against John L. Kirkpatrick for $2000 in the prothonotary's office." To June term 1841, a *fieri facias* was issued upon the judgment, which was levied upon the defendant's personal property; and on the 11th of June 1841, before the sale of it, Houston gave a written notice to the sheriff that he should only collect the actual amount of money loaned, $1800, after deducting the payment made. The sheriff made $320.83 by the sale of the personal property. This suit was brought to September term 1841, before the residue of the money was made. The court below was of opinion that the plaintiff was not entitled to recover, and instructed the jury to find for the defendant.

*Biddle,* for plaintiff in error, argued that the offence was consummated by the receipt of money upon the usurious contract. 1 *Dall.* 216, 236; 21 *Eng. Com. Law* 151. The defendant is bound by his own representation of the fact that he received the money on account of the contract, such as it was. 6 *Watts* 424.

*Buffington, contra,* contended that the defendant had a right to appropriate the money received so as to relieve himself from the penalty of the statute. That there was a *locus penitentiæ* afforded him of which he availed himself, so as to relieve the plaintiff from the payment of more than was justly due; and this he did by the notice which he gave the sheriff. 12 *Serg. & Rawle* 305; 10 *Eng. Com. Law.* 44; 2 *Dall.* 72; 12 *Serg. & Rawle* 46.

The opinion of the Court was delivered by
GIBSON, C. J.—The facts of the case are few and uncontested.

[Kirkpatrick v. Houston.]

The plaintiff borrowed $1800 from the defendant for seven weeks, and gave a bond, with warrant to confess judgment, for $2000, which was entered up the same day. At the expiration of three months from the day of payment, the plaintiff paid the defendant $710, and took a receipt which expressed the payment to be "in part of a judgment against John L. Kirkpatrick in $2000." To the next term but one, the defendant sued out a *fieri facias* on the judgment, on which he sold the defendant's personal property, and eventually purchased his real estate. At the return of the first writ, he remitted $200 with its interest, the usurious part, and directed the sheriff to collect no more than the residue. The court below seems to have thought him at liberty to apply the payment, received generally, to the sound part of the demand so long as no more than the sound part of it had been received; and directed a verdict for the defendant.

The principle on which the character of the taking depends, is that the illegality of the contract which was for a sum in gross, leavened the whole mass. I will not say that the defendant might not have lawfully received the *pro tanto* payment specially in discharge of what was lawfully due; for it is the corruption of the taking, and not the corruption of the contract, which constitutes the offence to which the penalty is annexed; in which respect there is no essential difference between the British statute and our own. But a payment on the foot of the contract, necessarily partakes of its qualities; and the question is, whether the law intends that it is specially taken when nothing is said or done to indicate it. The judge charged that the law applied the payment to the interest in the first place, and to the principal for the residue; whence he seems to have inferred the existence of a design to receive interest and principal only on the sum lent. But his rule would leave the question of intent where it found it. The payment could not be referred to the sound part of the contract, for it had none. It is stated in the receipt to have been made on the judgment generally; and though the law were to apply a part of it to the interest lawfully due, the residue would still be applicable to the gross sum secured by the judgment, every particle of which was infected with the original vice. The law, indeed, might just as well apply the payment to the sound part of the principal as to the sound part of the interest; but the truth is, it does neither. The rule of payment which makes the application first to interest and then to principal, stops there without discriminating between the sound and the corrupt parts of either. But there was no room for discrimination, for the contract was so entire that every part of it was usurious; and though the lender did not incur the penalty by entering into it, yet when he took a part of the stipulated sum on the foot of it, the offence was complete, because he had carried a usurious contract *pro tanto* into execution. He might have taken what was legally his own; but

[Kirkpatrick v. Houston.]

to make the taking pure, he ought to have separated it from the impure bargain; for where nothing is said at the time, the nature of the debt lends its character to the nature of the payment. Where the debtor pays his money on a judgment, there is not only a natural, but a legal presumption that he pays it in execution of the contract on which the judgment was rendered; and where it is tacitly received, there is the same presumption that it is taken in the same way. Any other interpretation of the act, would put it in the lender's power, as was justly remarked in the argument, to stamp the character of guilt or innocence on it at the precise point of time convenient for him to elude a prosecution by means of the limitation attached to it. Should the borrower sue at the receipt of the first payment, he might be told that the offence was incomplete, and that he was too soon; should he wait till the whole was paid, he might be told that the offence had been committed long before, and that the year had gone by. He has a *locus penitentiæ*, it is true; but it ends when the first decisive step is taken; for the first step towards the commission of a crime, is itself criminal. I will not say that a payment might not, in peculiar circumstances, be lawfully received even on the contract, for the security or assurance, not being void with us for the whole as it is in England, is susceptible of modification; but the offence is unquestionably consummated by taking a part on the foot of the contract as it stood originally. To that effect is the first resolution of this court in *Musgrove v. Gibbs*, (1 *Dall.* 216), which, however, is said to be distinguishable from the present case inasmuch as the lender took a new security for the residue of the entire debt, and thus showed, it is said, a determination to insist on the usurious part of it. But even in our case, the lender subsequently sued out execution for the whole, which equally evinced a determination to insist on the usurious part. Had he meant to take only what was legally demandable, he would have better signified it by remitting the excess; and though he did so at the return of the first execution, it was then too late; he had sinned away his day of grace; the offence was committed, and the act could not be recalled.

Judgment reversed, and a *venire facias de novo* awarded.