## Brown *versus* The Second National Bank of Erie.

72   209
129  582
72   209
175  499

1. Under the Act of Congress of June 3d 1864 (National Banking Law), on a loan stipulating for usurious interest, a bank can recover the principal only, without any interest.

2. Where usurious interest has been *paid*, the penalty is the recovery back of double the amount of the excess over legal interest.

3. It is the actual payment on a usurious contract, in part or in whole, which consummates the usury, from which the limitation of suit for the penalty commences to run.

4. Lawful interest may be recovered in an action for the principal.

5. A National Bank discounted notes which were renewed from time to time, all at usurious discount. In a suit against the endorser on the last note, he might set off all the excess of interest retained by the bank. *Per* Johnson, P. J.

22 P. F. SMITH—14

[Brown *v.* Second National Bank of Erie.]

October 25th 1872.    Before Thompson, C. J., Read, Agnew and Sharswood, JJ.

Error to the Court of Common Pleas of *Erie county :* No. 4, to October and November Term 1872.

This was an action of assumpsit, commenced April 29th 1867, by the Second National Bank of Erie against the executors of Conrad Brown, deceased.

The suit was on three promissory notes, each at 60 days, drawn by V. M. Thompson, payable to the order of Conrad Brown, at the Ocean National Bank, New York, endorsed by Brown and discounted by the plaintiff for the drawer.    One note was dated November 20th 1866 for $16,000 ; the other two were dated December 6th 1866 for $2000 and $4000 respectively.

These notes were not paid at maturity and were protested.

Conrad Brown died March 9th 1869.

Thompson, the drawer, testified that the notes had been discounted for him under a contract with the president of the bank, who promised to give him a line of discount of from $10,000 to $20,000, and charged him discount at 9 per cent. per annum, which he agreed to allow ; the notes in suit were drawn under this arrangement ; the excess of legal interest retained for discount on the notes in suit was $132.    Thompson had many notes discounted under the arrangement to pay 9 per cent., and the notes in suit were renewals of previous notes that were usurious, and those were to pay still older ones.

The aggregate amount of discounts paid Thompson under this arrangement, including that on the notes in suit, was $5184.05, and the proportion of this over 6 per cent. was one-third.

By the 30th section of the National Banking Law of June 3d 1864, 2 Brightly's U. S. Digest 58, pl. 30, it is provided that banking associations under that law may charge on any loan or discount on a note, bill of exchange, &c., "interest at the rate allowed by the laws of the state where the bank is located, and no more." * * * " And the knowingly taking, receiving, reserving or charging a rate of interest greater than aforesaid shall be held and adjudged a forfeiture of the entire interest which the note, bill or evidence of the debt carries with it, or which has been agreed to be paid thereon.    And in case a greater rate of interest has been paid, the person or persons paying the same, or their legal representatives, may recover back in any action of debt twice the amount of the interest thus paid from the association taking or receiving the same ; provided the action is commenced within two years from the time the usurious transaction occurred."

Each party submitted a number of points, which are not inserted, the legal questions involved in the case being stated in the charge of Johnson, P. J., viz. :—

" The United States Banking Law, under which the plaintiff

bank was organized, forbids the taking of any more interest for the loan of money than is allowed by the state in which the particular bank is located. The plaintiff being located in Pennsylvania could, therefore, legally charge only 6 per cent. per annum for money lent to its customers.

" If this prohibition of the act be violated by the bank a penalty is imposed. It is this :—

" 1. If the contract to take a greater interest than 6 per cent. be executory the whole interest for the period of discount is forfeited, and the bank can only recover the principal from and after the maturity of the note or contract.

" 2. If the usurious interest has actually been paid the borrower may sue and recover twice the amount so paid, provided he sues for it within two years from the time of payment.

" In neither case does the statute declare the real debt or money borrowed forfeited, or deny the right of the bank to recover it. The Act of Congress having prescribed the penalty for its violation in this respect, no other or different one can be imposed by the court, nor any other consequences declared than such as its framers have ordained.

" The proof shows, without denial or contradiction, that in 1864–5–6, V. M. Thompson, whose endorser the defendant's testator was, had a continuous line of discounts at the Second National Bank of Erie, and was charged 9 per cent. per annum, besides exchange. His notes and bills were all made payable at New York, where some of them were paid by him and other parties. Others were paid by renewals or new discounts at the defendant bank, and the usual exchange between this city and New York charged.

" From this state of undisputed facts the defendants deduce several inferences, and ask us to declare to you as the law :

" 1. That the plaintiff having discounted a long series of notes for V. M. Thompson, of which those in suit are the culmination, in violation of the express words and against the policy of its fundamental law, it cannot recover at all any part of its claim.

" 2. That having charged and received unlawful interest on money, notes and bills preceding those in suit, it thereby forfeited and became liable to pay to V. M. Thompson double the amount of interest so paid, and that he has a right to defalk those amounts and have the same credited on the notes now in suit against his surety.

" 3. That if he is not entitled to this credit he should, at least, have credit for the excess of interest or discount that he has paid from time to time as of the date of the notes on which this suit is brought.

" 4. That he is entitled to an abatement of the interest on the

notes in suit because they were discounted at a higher rate of interest than 6 per cent. per annum.

" I believe these embrace substantially all the legal propositions presented by the defendant's counsel, pertinent to the issues raised by the facts in the case.

" From the first and second of these propositions we dissent.

" The Act of Congress is the law of these National Banks. It prescribes no such penalty as a forfeiture of the debt for a violation of its restriction as to the amount of interest to be charged. It does impose a penalty, and the only duty of the courts is to inflict it in the mode prescribed. For having taken usurious interest on previous loans the bank might have been sued within two years and double the amount so received recovered by the party injured. This was not done, and therefore all redress for that infraction of the law is gone. It is enough to say of that claim that it is outlawed—without deciding whether, unsued for, it could have been claimed as a set-off even within the two years after the penalty had been incurred.

" We therefore charge you that the plaintiff is not barred from its recovery upon the notes in suit, by reason of its having taken usurious interest upon them or on any previous notes or drafts discounted by it from the claim.

" Nor is the plaintiff entitled to set off or claim credit for double the amount of interest paid by Thompson on notes or bills previously discounted by the defendant for him.

" To the third proposition we agree, and say to you that for any excess of interest taken by the plaintiff in the discount of notes or drafts previous to those in suit for Thompson in the regular course of business, he is entitled to a credit, and the defendants may claim it as a set-off in this case. Such amounts being received in violation of law cannot be retained, and neither time nor contract will sanctify them or legalize the defendant's possession as against the rightful owner.

" We also approve the fourth proposition, that the defendants are entitled to an abatement of all interest or discount charged for the loan of money upon the notes in suit prior to their maturity. This is conceded. This amount, Mr. Curry states, was $355, which the defendants are entitled to have credited on the notes and deducted therefrom at their respective dates."

The verdict was for the plaintiff for $23,849.50.

The defendants removed the record to the Supreme Court, by writ of error, and there assigned for error the rulings of the court in the charge.

*J. R. Thompson* and *C. B. Curtis* (with whom was *B. Grant*), for plaintiff in error.

[Brown *v.* Second National Bank of Erie.]

*J. C. Marshall* and *J. H. Walker* (with whom was *F. F. Marshall*), for defendant in error.

The opinion of the court was delivered, November 4th 1872, by SHARSWOOD, J.—A close examination of the words of the Act of Congress of June 3d 1864, under which the defendants in error were organized and incorporated as a National Bank, will show, we think, that it was intended to draw a distinction between the case of the reservation of a discount at an unlawful rate of interest and the actual consummation of the usury by the receipt of it by the payment of the note or loan when due. It is declared by the thirtieth section that "the knowingly receiving, reserving or charging a rate of interest greater than aforesaid shall be held and adjudged a forfeiture of the entire interest which the note, bill or other evidence carries with it, or which was agreed to be paid thereon." This has evident reference to the enforcement of the contract by judicial process, in which case it is provided that it shall be held and adjudged that the bank shall forfeit the entire interest—that is, shall recover only the sum actually loaned or advanced without any interest at all. There is a marked difference in the language of the clause which follows and which makes provision for the case where the usury had been consummated by the actual receipt by the bank of the usury. "And in case a greater rate of interest has been paid, the person or persons paying the same, or their legal representatives, may recover back in any action of debt twice the amount of interest thus paid from the association taking or receiving the same : Provided, that such action is commenced within two years from the time the usurious transaction occurred." Upon any other construction it would be difficult to make the different clauses of the section consistent. For if on payment simple interest is forfeited, why not also provide for its recovery back by action as well as for the penalty of double the amount? Nothing would have been easier than to have expressed the intention that the entire interest should be recovered back in all cases, but double the amount only by an action instituted within two years. The maxim well applies, *Expressio unius est exclusio alterius.* If there were no special limitations in the act, and it has no necessary connection with the other clauses, no consistent construction could be put upon the language of the section taken altogether, except by holding that no action can be maintained for the simple interest, neither before or after it is paid ; but as to that, the remedy is by defence to the action on the note or loan, in which case the entire interest "shall be held and adjudged" to be forfeited. There may be a good reason for this if it was the intention of Congress to give the bank a *locus pœnitentiæ* so far as the penalty of double the amount was concerned, and allow them to save it by not actually taking it upon the maturity and payment

of the debt.    This accords with the general current of the decisions upon the construction of the usury laws whenever the contract is not itself declared to be void by the statutes.    It is actual payment on the foot of the usurious contract, either in part or in whole, which consummates the usury, and from which the limitation of the action for the penalty commences to run, but lawful interest may be recovered in an action for the principal : Wycoff *v.* Longhead, 2 Dall. 92 ; Turner *v.* Calvert, 12 S. & R. 46 ; Musgrave *v.* Gibbs, 1 Dall. 216 ; Kirkpatrick *v.* Houston, 4 W. & S. 115 ; Lamb *v.* Lindsey, Id. 44 ; Thomas *v.* Shoemaker, 6 W. & S. 179 ; Oyster *v.* Longnecker, 4 Harris 269 ; Craig *v.* Pleiss, 2 Casey 271. These views dispose of the only assignments of error which we consider it necessary to discuss.

Judgment affirmed.