129  577
175  499

## A. B. KEARNEY v. FIRST N. BANK.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF CLARION COUNTY.

Argued October 10, 1889—Decided October 28, 1889.

Where usurious interest on a note to a national bank is included in a renewal note, without an agreement that the renewal note shall be a payment of the old one, and the renewal note is subsequently merged in a judgment which is afterwards paid in full, the penalty provided by the act of Congress for charging and receiving usurious interest on loans, cannot be enforced.

Before Paxson, C. J., Sterrett, Green, Clark, Williams, McCollum and Mitchell, JJ.

No. 187 October Term 1889, Sup. Ct.; court below, No. 226 April Term 1888, C. P.

On March 6, 1888, A. B. Kearney brought assumpsit against the First National Bank of Clarion, to recover the penalty imposed by the act of Congress of June 3, 1864, Rev. St. U. S., § 5198, p. 1012. Issue.

At the trial on January 14, 1889, the plaintiff introduced testimony from which it was claimed he was entitled to recover the amount of various sums of money paid to defendant bank as interest at the rate of 9 per cent on several notes for money borrowed, certain of the notes having been renewed from time to time, and eventually put in judgments.

Mr. H. R. Wilson, called for the defendant, testified as to a compromise made by the defendant with the plaintiff of his judgment indebtedness to the bank; that the cashier offered to take $150 from the face amount of the judgments:

VOL. CXXIX—37

Charge of Court below.

Q. How was that as to a compromise of the usury in these judgments? A. The judgments were considered as a whole. We were talking about the judgments and about the usury included in them.

Q. And what were you settling? A. Settling the judgments.

On cross-examination: Q. Mr. Wilson, didn't you say to me, after that settlement sometime, when you came down to look at these papers, that these items we are claiming were not in that settlement?

Defendant's counsel inquired the purpose of the question.

For plaintiff: It goes to explain or rebut the inference the defendant will draw from the witness's testimony, that all the usury in these judgments was settled for and was the subject of compromise; and it will show what his memory was at that time; that his recollection at that time was different from what it is now.

By the court: That is not evidence; exception.[5]

The questions of fact and law raised, sufficiently appear from portions of the charge to the jury, WILSON, P. J.

The plaintiff, in support of his claim, introduced evidence substantially, that he was the borrower of money from the defendant bank; that in the year 1885 he obtained a loan of $2,000 and gave his note therefor, and afterwards got additional loans, the dates whereof, when they fell due, the rates of interest, the renewals of the notes, and the times and manner of payment, were evidenced by several notes and by statements made by the cashier of the bank, in writing, showing the different transactions. Also, the conversations at the times of the renewals of the notes, the manner of the confession of judgments, their subsequent payment and satisfaction, together with the details and the final consummation of the negotiations were given in evidence. Two statements made by the cashier, showing the method of arriving at the sums due the bank by the plaintiff, the several notes referred to, as well as the judgments, were received in evidence. The plaintiff testified as to payments; that he paid discount on one note at the rate of 9 per cent a year, which amounted to $18, at the time he borrowed the money; the balance of the discount and interest charged by the bank was paid by including the same

in the renewal notes, which were taken as payment, and were stamped " Paid," and receipted ; but he remembered no express agreement by which the notes were to be payments. The rate of interest charged on the notes was 9 per centum.

The defendant's testimony substantially covered the same negotiations, transactions, settlements, payments, and manner thereof, identifying the same notes, receipts, judgments, and satisfaction of them, and explanatory statements in writing. The defendant's cashier testified that no interest or discount was paid in money on any of the notes, except one dated July 18, 1886, payable at four months, for $600 ; and the notes that were given in which the interest was included, were not accepted as payment; no agreement was made that the notes were to be payments, and they were not considered paid until actually paid; when the interest fell due it was not paid in money, but was included in notes, and judgments were afterwards confessed on the notes, in this court. He further explained about how these notes were marked " Paid" with a rubber stamp, and that it was the custom of the bank to stamp all notes that way that were paid, either by payment or renewal, and that Kearney never paid any interest or discount in money until after the notes were merged in judgments; that nothing was said by Kearney or himself about accepting the notes as payment, and that he never intended them as payment on his part; that when Kearney came to pay off the judgments, the cashier concluded he would pay back every cent of excess, and did pay back, or allowed, a rebate of $150; and that there was a compromise in full of the excess, and Kearney paid off the balance of the judgments, except the $150 that was abated.

\*   \*   \*   \*   \*   \*   \*   \*

Payment, in its most general acceptance, is the fulfilment of a promise or the performance of an agreement. In a more restricted sense, it is the discharge in money of a sum due. And it is a well settled doctrine of the law that where a defendant can show by legal evidence that he has legally paid the plaintiff's demand, this will always constitute a perfect defence to an action for its recovery. Debts are usually paid in money or the common and valid currency in daily use ; but there may be legal payments besides those made in money, if the parties so agree, or if the circumstances are such as to authorize a court to declare a given transaction a payment of a debt or demand.

Charge of Court below.

A payment is the discharge of an obligation by a performance according to its terms or requirements. That is, if the obligation be for money, the payment is made in money; if by note, the making and delivery of the note, as agreed; if for merchandise or labor, a delivery of the merchandise or a performance of the labor, is payment; or, if for the erection of a building, performance according to the terms of the contract, is payment. At any rate, in order that a payment may have the effect to extinguish a debt, it must be made by a person who has a right to make it, to a person who is entitled to receive it, in something proper to be received, both as to kind and quality, and at the appointed place and time; and the thing delivered must be received for the purpose of extinguishing the debt, and so delivered and received in payment as to leave nothing further to be done in relation thereto by the parties. If left for subsequent adjustment and application, it is not payment. A promissory note given by a debtor for an antecedent debt only operates as a conditional payment, unless the parties agree to consider it as an absolute payment. The court instructs the jury as a matter of law, that the giving of a note in settlement of an account or any other indebtedness is not a payment of the account or indebtedness, unless the note is itself paid, or unless it is expressly agreed by and between the parties that the note shall of itself operate as payment of such account or indebtedness. And in this case, if the jury find from a preponderance of the evidence that no agreement was made at the time of delivery that the notes were to be received in payment, then it was not payment under the law.

\*     \*     \*     \*     \*     \*     \*     \*

The defendant's counsel request the court to charge the jury [inter alia]:

4. The defendant could not incur the penalty provided by the act of congress by accepting or receiving the plaintiff's notes including usurious interest therein, in that such notes were only promises to pay such usury, and the said penalty could only be incurred by the actual payment and receipt of such usury.

Answer: Affirmed.[1]

5. The taking of the plaintiff's note dated March 11, 1886, and including in said note the interest for one year at nine per cent on judgment entered against said plaintiff and another, to

case No. 101 October Term 1884, and the giving of a receipt by the defendant to plaintiff for the said interest, would not in themselves amount to payment of said interest.

Answer: Affirmed.[2]

8. The burden of proof is on the plaintiff to show that the defendant did so agree to accept said notes.

Answer: Affirmed.[3]

12. The judgments entered by the defendant against the said A. B. Kearney and Elizabeth Mobley, on the notes dated March 11 and November 8, 1886, are a bar to plaintiff's recovery of the penalty under the act of congress, for the usury or excess of interest which was included in and paid as a part of said judgments respectively.

Answer: Affirmed.[4]

The jury returned a verdict in favor of the plaintiff for $36. Judgment having been entered thereon, the plaintiff took this appeal, assigning for error:

1–4. The answers to defendant's points.[1 to 4]

5. The refusal of plaintiff's offer.[5]

*Mr. B. J. Reid* (with him *Mr. A. B. Reid*), for the appellant.
Counsel cited: Heath v. Page, 48 Pa. 144; Montague v. McDowell, 99 Pa. 269.

*Mr. John W. Reed* (with him *Mr. H. R. Wilson*), for the appellee.

Counsel cited: Brown v. National Bank, 72 Pa. 209; Stewart's App., 3 W. & S. 478; Heath v. Page, 48 Pa. 144; Oliphant v. Church, 19 Pa. 320; Reed v. Defebaugh, 24 Pa. 495; Hopkins v. West, 83 Pa. 109; Carlisle v. Bindley, 91 Pa. 229; Federal Ins. Co. v. Robinson, 82 Pa. 357; First N. Bank v. Gruber, 91 Pa. 377.

PER CURIAM:

This was a suit in the court below against the First National Bank of Clarion, to recover the penalty imposed by the act of congress for charging and receiving usurious interest on loans. The payment of usurious interest was proved to the satisfaction of the jury to the extent of $18, and they returned a verdict

for double that amount. The plaintiff was not satisfied with this result, and claims that, but for certain errors in the rulings of the court below, he would have obtained a verdict for a much larger amount.

The ruling complained of in the first specification of error was justified by the case of Brown v. Second N. Bank, 72 Pa. 209, where it was held that " it is actual payment on the foot of the usurious contract, either in part or in whole, which consummates the usury, and from which the limitation of the action for the penalty commences to run. " If this were not so, and if the usury is complete by merely including it in a renewal note, the penalty might be recovered without the payment of either principal or interest. In the case in hand, the usury, with the exception of the small sum before mentioned, was included in renewal notes, which notes were finally merged into judgments and then paid. The court properly instructed the jury that the acceptance of the new notes in lieu of the old notes was not payment in law of the latter, unless such was the understanding and agreement of the parties. This is settled law: Oliphant v. Church, 19 Pa. 318; Reed v. Defebaugh, 24 Pa. 495; Heath v. Page, 48 Pa. 130. And the jury were properly told that the burden of proof was on the plaintiff to show that the defendant did agree to accept the renewal notes as payment. In Hopkins v. West, 83 Pa. 109, it was held that usurious interest, included in the amount of a judgment confessed, cannot be recovered back after the judgment has been paid by the defendant in full. Under this authority, and others that might be named were it necessary, it is clear that, so far as the usury was included in the judgments, and paid on the foot thereof, it cannot be recovered back. It was not error to exclude the question put to the witness H. R. Wilson on cross-examination, (fifth specification.) It was irrelevant, and was properly excluded.

Judgment affirmed.