**First Valley Bank v. Conti, Jr.**

*Robert Ungerleider*, for plaintiff.
*James Diefenderfer*, for defendants.

FRANCIOSA, J., June 28, 1971.—This case comes before the court on exceptions filed to the schedule of distribution of the proceeds of a sheriff's sale of real estate.

On September 11, 1970, a sheriff's sale was held on a certain lot or parcel of ground situate in Hanover Township, Northampton County, Pa., being designated as Lot No. 1, Block F, Stafore Estates. Execution thereon had been commenced by First Valley Bank, first mortgagee, under a writ of execution to May term, 1970, no. 51. The property was sold to the highest bidder for the sum of $40,184.43. A proposed schedule of distribution was then filed by the sheriff on September 25, 1970. Under this schedule of distribution, the sum of $1,264.27 is to be distributed to Hanover Township in payment of a municipal lien arising from the installation of sanitary sewers. The balance of the proceeds, after the deduction of costs, taxes and the liens of Hanover Township and First Valley Bank, is in the amount of $2,346.20. The schedule of distribution proposes allotment of this balance to Bethlehem Consumer Discount Company by reason of its judgment in April term 1966, no. 324. The total claim demanded by Bethlehem Consumer is for the sum of $3,652.63, therefore, the balance of the proceeds does not adequately satisfy its full claim.

Two sets of exceptions have been filed to the schedule of distribution.

Bethlehem Consumer has taken exception to the priority being given to the township's municipal lien. It is the contention of Bethlehem Consumer that since the township's lien was omitted from a handbill prepared by the sheriff and used by the bidders at the time of the sale, the municipal lien should not receive preference over its claim. It requests the court to direct the sheriff to amend his schedule so as to divert the sum of $1,264.27 heretofore set aside for the payment of the municipal lien towards satisfaction of its total claim.

A second set of exceptions was filed by Bidi Corporation, purchaser at the execution sale. Bidi is asking the court to find that the obligation of the debtors under the judgment to April term, 1966, no. 324, became consolidated with a subsequent obligation of the debtors to Bethlehem Consumer under a judgment entered to May term, 1968, no. 459. If the court were to make such a finding, the giving and acceptance of the new obligation in payment of the old will discharge the debt evidenced by the earlier obligation or security.

From our review of the record, it appears that Joseph J. Biafore, Inc., assignee of a judgment to May term, 1966, no. 435, is the intervening judgment creditor whose claim will benefit from Bethlehem Consumer's loss of priority. Initially, we were unable to determine just what Bidi Corporation will gain in the event its exceptions are sustained. This question has been answered in Bethlehem Consumer's reply brief which indicates that Joseph J. Biafore, Inc., and Bidi Corporation are the same or related corporate entities.

At the time this matter came to be heard before the

court, appearances were permitted to be entered on behalf of the sheriff and the township. The sheriff urges that Bethlehem Consumer was not justified in relying upon his handbill as a true and accurate statement of all liens against the execution property. On its part, Hanover Township argues that a properly recorded municipal lien cannot be adversely affected by errors or omissions in a sheriff's handbill.

Turning our attention first to the exceptions filed by Bethlehem Consumer, we conclude that the sheriff's omission had no effect upon the priority of the township's lien. We believe that the obligation upon a prospective purchaser to examine the state of the record is firmly established in the Commonwealth of Pennsylvania. Here in Pennsylvania, the general municipal law makes it "the duty of the prothonotaries of the courts of common pleas to keep a locality index, in which shall be entered all tax or municipal claims . . .": Act of May 16, 1923, P. L. 207, sec. 26, 53 PS §7146. By its very language, the statute establishes the prothonotary's office as the place where record notice of municipal claims is to be given.

In this case, it is agreed that the township's lien was properly recorded. Therefore, we are at a total loss to understand how the actions of the sheriff may operate to extinguish notice perfected prior to the execution sale. Clearly, the process of execution relates merely to the enforcement of judgments. No part of the procedure is designed to achieve more than the sale of property and the distribution of the proceeds in satisfaction of recorded judgments. A sheriff charged with the administration of this final process is just as bound by the state of the record as is the execution purchaser. For this reason, it has been said that there is no duty on the execution

creditor or on the sheriff to proclaim the exact state of the title at the sale, nor to declare what the legal effect and operation of the sale would be: Taylor v. Bailey, 323 Pa. 278. Plainly put, notice given at the place of record is controlling regardless of what appears on the sheriff's private docket or is made known on handbills distributed by him to the bidders.

Another argument advanced by Bethlehem Consumer is that the sheriff is estopped from asserting the priority of the municipal lien because his conduct caused its omission from the handbill. We also reject this argument. There can be no estoppel when each of the parties has equal knowledge of the facts or equal means of knowledge. Estoppel can be acclaimed only by one who has acted in ignorance of the true facts and without suitable means of informing himself of their existence.* For us to say that Bethlehem Consumer was without suitable means of obtaining notice of the township's outstanding interest would render the general rule of record notice a nullity.

Thus, we approve the proposed schedule of distribution insofar as it accords first priority to Hanover Township's municipal lien.

The exceptions filed by Bidi Corporation raise principles of law which are more difficult to apply to the record before us.

Looking to the face of the record, we find two judgments were recorded by Bethlehem Consumer. The one indexed to April term, 1966, no. 324, was entered on April 26, 1966, in the principal sum of $3,799.92; that indexed to May term, 1968, no. 459, was filed on July 3, 1968, in the principal sum of $3,600.

Bidi Corporation contends that Bethlehem Con-

---

*See Vol. 14, P. L. E., Estoppel, §22, page 193.

sumer was not obligated to make future advances under the instrument giving rise to its 1966 judgment and, therefore, the subsequent obligation giving rise to the 1968 judgment constituted the giving and acceptance of a new obligation or security in payment of the earlier obligation and resulted in the discharge of the 1966 judgment.

Bethlehem Consumer argues the judgments were entered pursuant to separate debts and accounts. It relies upon the rule of law which provides that in the absence of specific directions from the debtor, a creditor may apply payments to any account or debt of the debtor at its discretion.

Since we are convinced that Bethlehem Consumer's 1968 judgment is not an advancement protected by the priority of its 1966 judgment, we are required to consider whether the later obligation was in payment of the earlier judgment.

Whether the giving and acceptance of a new obligation is to be in payment of an old one depends upon the parties' intention. See Reed v. Defebaugh, 24 Pa. 495. To demonstrate such intent, Bidi Corporation called Robert F. Eckler, manager of Bethlehem Consumer, as a witness. Although he referred to loan consolidations and refinancing which occurred between the debtors and Bethlehem Consumer, his testimony lacks precision in the sequence of events which took place after the filing of the 1966 judgment. For example, he testified to several rewritings of the 1966 note prior to 1968, however, none of the intervening installment loan contracts were recorded for lien purposes. Moreover, there is no testimony explaining why the 1966 judgment was not satisfied on the record if the parties intended the 1968 transaction to work a consolidation of older obligations. Under these circumstances, it is impossible for us to find

that obligations given by the debtors to Bethlehem Consumer in 1968 were intended to be in payment of the judgment filed to April term, 1966, no. 324.

While the testimony of Robert Eckler is not sufficient to establish consolidation of the obligations, it does indicate that Bethlehem Consumer's total claim should be reduced. His testimony concerning the status of debtors' account on June 28, 1968, is as follows:

"Q. Now, looking again at Exhibit B, and correct me if I am wrong, is it fair to state that on June 28, 1968, when the loan was consolidated by the Bethlehem Consumer Discount Company against these two individuals, that at that time on the basis of that loan, the balance under the April 1966 loan, and these other continuances you described, was $1,882.16, is that what that contract means?

"Q. Do you understand the question?

"A. Yes, I understand.

"The Court: To use your words, you are asking him in effect whether Exhibit B ended up representing the balance due under Exhibit A, and continuances thereof?

"A. Yes, yes.

"Q. So that on that date that was the balance owed by John J. Conti and Shirley A. Conti?

"A. That was the net amount, $2,033.75. $2,033.75 is the figure they owed, and we netted it down, it was this $1,882.16 figure that you referred to.

"Q. With your refund and rebates this was the figure?

"A. That was the figure, yes."

Bethlehem Consumer's total claim under its 1966 judgment was submitted to the sheriff on the basis of a principal debt in the amount of $3,096. Obviously, the full amount of the principal debt as presently

asserted cannot be attributed to Bethlehem Consumer's 1966 judgment. If the debtors' account increased from a principal balance of $1,882.16 on June 28, 1968, the enlargement of the principal debt must have resulted from advances made under the instrument giving rise to Bethlehem Consumer's 1968 judgment. These subsequent advances are subject to all intervening encumbrances. Consequently, an amended schedule of distribution must be filed to reflect that Bethlehem Consumer's total claim under its judgment to April term, 1966, no. 324, is based upon a reduced principal debt in the sum of $1,882.16.

Accordingly, we enter the following:

## ORDER OF COURT

And now, June 28, 1971, the exceptions of Bethlehem Consumer Discount Co. to the sheriff's schedule of distribution are dismissed.

The exceptions of Bidi Corporation are sustained to the extent that they pertain to the outstanding balance owed by the debtors to Bethlehem Consumer Discount Company under the judgment indexed to April term, 1966, no. 324. The sheriff is directed to file an amended schedule of distribution showing a reduction in the principal debt owed to Bethlehem Consumer Discount Company from the sum of $3,096 to the reduced sum of $1,882.16.

The sheriff is further directed to recompute charges for interest and the attorney collection fee on the basis of the principal debt as ordered reduced herein; any balance of proceeds resulting from amendment of the original schedule of distribution shall be paid to Joseph J. Biafore, Inc., assignee of the judgment to William Tragus in May term, 1966, no. 435.