## Monongahela National Bank *versus* Overholt.

95  327
d175 499

1. The right of action to recover double the amount of usurious interest paid to a national bank, as provided by sect. 5197 of the National Banking Act, accrues upon the actual payment by the borrower of the amount of the illegal interest to the bank, and can be maintained whether the debt has been paid or not.

2. Plaintiff brought an action to recover such illegal interest after his discharge in bankruptcy. *Held*, that he could not recover, as the right of action passed to and vested in the assignee.

November 17th 1880.  Before MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.  SHARSWOOD, C. J., absent.

Error to the Court of Common Pleas of *Fayette county :* Of October and November Term 1880, No. 295.

Debt by Isaac F. Overholt against the Monongahela National Bank of Brownsville.  The defendant is a national bank.  On March 11th 1876, it discounted a note for the plaintiff payable four months after date, for the sum of $2400, and charged him a discount at the rate of nine per cent. per annum.  This note was renewed from time to time at the same rate of interest, up to November 26th 1877, when it went to protest.  On the 23d of August 1876, it discounted another note for him, payable four months after date, for the sum of $2100, at the same rate of interest, which was renewed from time to time until the 1st of January 1878, when it also went to protest.  Neither of these notes was ever paid, the maker and endorsers all being insolvent.  This suit was brought by Overholt against the bank to recover back double the amount of interest or discount paid on these two notes, and the several renewals thereof, within two years from the bringing of this suit, viz., March 11th 1879.  The total amount claimed was $622.72.  On the 25th of June 1878, the plaintiff went into bankruptcy and obtained his final discharge on the 7th of February 1879.

The second point of the plaintiff which the court, Willson, P. J., affirmed, was as follows :

The plaintiff is entitled to recover from defendant double the amount of all interest or discount paid by plaintiff within two years previous to the inception of this action, when such interest and discount were in excess of six per cent., the legal rate of interest. (First assignment of error.)

The first and second points of the defendant, which the court refused, were as follows :

1. That the notes on which the usurious interest is claimed, never having been paid, the plaintiff is not entitled to recover. (Second assignment.)

2. The plaintiff, Isaac F. Overholt, having been discharged as a

[Monongahela Nat. Bank *v.* Overholt.]

bankrupt since the usurious interest was paid, he cannot recover. (Third assignment.)

Verdict for plaintiff, and after judgment thereon the bank took this writ and alleged that the court erred as set forth in the above assignments of error.

*D. Kaine,* for plaintiff in error.—The intention of Congress appears to have been that when national banks received a greater amount of interest than is allowed, they shall forfeit double the sum actually paid in as interest, and that they may recover the principal : Bank *v.* Garlinghouse, 22 Ohio St. 492 ; Allen *v.* Bank, 23 Id. 97 ; Davis *v.* Randall, 115 Mass. 547 ; Central Nat. Bank *v.* Pratt, Id. 539 ; Bank *v.* Dearing, 1 Otto 29. These authorities certainly settle the question, that where none of the debt itself has ever been paid, an action cannot be sustained for the usurious interest, and sustain the first and second errors assigned. The third assignment of error as to the plaintiff's right to maintain this action is surely well taken. He was declared a bankrupt on the 28th of June 1878. He was discharged a bankrupt on the 7th of February 1879, and brought this suit on the 11th of March 1879. It is said this is a penalty. Be it so. The right of an individual to a penalty incurred under a statute is a civil cause, and is an action for money and passes to the assignee who can claim whatever the bankrupt could : Fiske *v.* Hunt, 2 Story 582 ; Musor *v.* Kendall, 3 Id. 507. The assignee takes such estate as the bankrupt had a beneficial as well as a legal interest in, and which is to be applied to the payment of his debts : Rhoades *v.* Blackiston, 106 Mass. 334. If the bankrupt had any interest here whatever, it was beneficial, legal and vested and passed to his assignee, and he had no right of action.

*R. H. Lindsey,* for defendant in error.—No one questions the right of the bank to sue the borrower for the principal, but that right is entirely separate and distinct from and independent of the right of the borrower to institute a suit for the penalty. Suppose the note was renewed for four years at the time the usurious interest was paid. The statute requires the suit for the penalty to be brought within two years from the time the usurious transaction occurred. Will it be contended that the borrower could not bring a suit within the two years for the penalty because the principal had not been paid ? The authorities are numerous to the effect that the offence is consummated when any payment of usurious interest has been made. The offence is complete when more than legal interest is received : Agnew *v.* McElhare, 6 Harris 487 ; Oyster *v.* Longnecker, 4 Id. 269 ; Seawell *v.* Shomberger, 2 Murphy (N. C.) 200 ; Commonwealth *v.* Frost, 5 Mass. 53. The right to sue for the penalty is vested in the borrower alone, by the express words of the statute. He can exercise the right or neglect it if he

[Monongahela Nat. Bank v. Overholt.]

sees fit. Nobody else can exercise it; it is wholly personal and cannot vest in an assignee: In re Patterson, 1 Nat. Bank Reg. 125; Appold's Estate, 7 A. L. R. (N. S.) 627; In re Fuller, 4 Nat. Bank Reg. 116; Brombey v. Smith, 5 Id. 152; Wheelock v. Lee, 64 N. Y. 242.

Mr. Justice TRUNKEY delivered the opinion of the court, November 26th 1881.

Section 5191 of the National Banking Act, R. S. U. S., prescribes the rates of interest which banks may receive. The next section is: " The taking, receiving, reserving or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or legal representatives, may recover back in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same; provided such action is commenced within two years from the time the usurious transaction occurred."

Upon the actual payment by the borrower and receipt of the illegal interest by the bank, the right of action accrues, and can be maintained, whether the debt has been paid or not. This cannot be more clearly expressed than in the words of the statute, and decisions under other statutes, having little similarity to this, do not warrant departure from the plain meaning of the remedial and punitory provision.

On June 25th 1878 the plaintiff presented his petition for adjudication in bankruptcy, and he was duly discharged on February 7th 1879. This action was commenced after his discharge, and the usurious transaction occurred prior to his petition for adjudication. Did the right of action pass as part of his estate to the assignee? The broad and comprehensive terms of the Bankrupt Act vest in the assignee for creditors the entire estate of the bankrupt debtor, except exemptions which are intended to protect him and his family from temporary distress. All debts due him, all rights in equity, choses in action, and rights of action arising from contract, or from the unlawful taking or detention or injury to the property of the bankrupt, pass at once to the assignee on his appointment, in virtue of the adjudication in bankruptcy. The assignee has like remedy to recover all the estate, debts and effects in his own name as the debtor might have had if the decree in bankruptcy had not been rendered and no assignment been made. Rights of action for torts to the debtor's person do not pass, nor the right to sue for a penalty; these are not assignable.

It must be conceded that the sum which may be recovered from an

[Monongahela Nat. Bank *v.* Overholt.]

associatıon, where illegal interest has been paid, is so penal in its character that it is commonly called a penalty. But is not the act in strictness more remedial than penal ? Taking interest beyond the prescribed rates is not a criminal offence, does not forfeit the debt, or give a *qui tam* action to an informer, is not denounced by pains and penalties as was usury by the common law or ancient statutes. Nor is the right limited to the person who paid the excessive interest, for it may pass to his legal representative; and in this respect it is not treated as a penalty, or tort to the person. He may recover back twice the amount of interest thus paid by action in the nature of debt, and this is akin to double, or treble damages for injuries, allowed by certain statutes for the twofold purpose of compensation and example. In actions at common law exemplary damages are frequently recovered. The only vindicatory part of the statute as respects usury, is that providing remedies for the borrower against the association which has exacted illegal interest. These operate to recompense the borrower and punish the lender for the wrong done. Enough of the old doctrine of usury pervades the statute to place the borrower, who has paid or agreed to pay excessive interest, in the light of one injured in his property ; but the lender is not made a criminal.

Decisions of the federal courts are conflicting on the question whether the right of action vests in the assignee. As advised, it has not been decided by the United States Supreme Court. Among the cases in the district courts, where it has been held that the assignee of a bankrupt cannot maintain the action, is Brombey *v.* Smith, 5 Nat. Bank Rep. 152. On the other hand, in Crocker *v.* First National Bank of Chetopa, 3 Cen. L. Jour. 527, Dillon, C. J., ruled that the right passed to the assignee, saying : "It is our opinion that the assignee in bankruptcy ·is, in respect of such a claim as this, which has injuriously affected and reduced the estate in bankruptcy, and which is to be enforced by an action in the nature of an action of debt, peculiarly and most appropriately the legal representative of the bankrupt. Every reason which in case of the death of the debtor, without bankruptcy, would give the right of action to his administrator or executor as his legal representative, applies with full force to the assignee in bankruptcy, if his estate is, during his lifetime, administered in a court of bankruptcy." A number of cases are, to same purpose, among them Wright *v.* First National Bank of Greensburg, 18 Nat. Bank Rep. 87.

Nichols et al. *v.* Bellows, 22 Vt. 581, a case under the usury laws of Vermont, seems to support the view that the action is not assignable. In Gray *v.* Bennett, 3 Met. (Mass.) 522, a well considered case, it was decided that an insolvent debtor's right of action for recovery of threefold the amount of interest paid by him on a usurious contract, passes by the assignment of his estate, and his assignee may maintain a bill in equity to recover it. It was there

[Monongahela Nat. Bank *v.* Overholt.]

claimed that the statute forfeiting threefold the amount of interest reserved, being in its nature penal, it resolves the demand into a mere claim for redress for a personal tort, which cannot be assigned. But the court, upon a careful review of the cases touching the principle, held that the threefold act, while penal to some extent in its consequences, is so far remedial that it has the like privilege of liberal construction with those statutes which are wholly remedial ; that the interest of the insolvent debtor was a vested interest and not a mere personal right, and unless it can be clearly shown by the statute that such an interest was not intended to be passed to the assignee, it becomes, by force of the assignment, vested in him.

The weight of authority, and what we deem the better reasoning, impel to the conclusion that the bankrupt had a vested interest under the statute giving him a right to recover back twice the amount of interest he had paid, and that it was vested in the assignee in virtue of the adjudication in bankruptcy. The defendant's second point should have been affirmed.

Judgment reversed.