Elmer Osborn, Assignee for the Benefit of Creditors of Sarah E. Frost and E. Mercur Frost, late Copartners, trading as E. N. Frost & Son, Appellant, *v.* The First National Bank of Athens, Pa.

*Assignment for creditors—Parties to action—Chose in action.*

In Pennsylvania an assignee for the benefit of creditors cannot bring **an** action in his own name on a chose in action of his assignor.

*Usury—Interest—Revised statutes U. S., section 5198—Assignment for creditors.*

An assignee for the benefit of creditors is not a "legal representative" of his assignor within the meaning of section 5198 of the revised statutes of the United States which provides that "in case the greater rate of interest has been paid, the person by whom it has been paid or his legal representatives may recover back in an action in the nature of an action of debt twice the amount of the interest then paid from the association taking or receiving the same."

Section 5198 of the revised statutes draws a distinct line between reserving or charging excessive interest and receiving it. In the former case the entire interest is forfeited and no part of it can be recovered, but that is the extent of the penalty. In the latter case the bank is liable to a penalty of double the amount of the usurious interest, but only to the party who has actually paid it.

*Legal representatives—Executors and administrators—Assignees.*

In Pennsylvania the term "legal representatives" means executors and administrators, although when the subject-matter or the context shows that the words are used in a different sense, either in a statute or a contract, the courts will give them the meaning intended: Monongahela Nat. Bank v. Overholt, 96 Pa. 327, considered.

*Arbitration— Special findings — Setting aside award for a mistake of law.*

Where referees have not only made an award but added to it special findings which show the principles on which they acted, the case comes directly within the provisions of sec. 7 of the act of June 16, 1836, P. L. 717, authorizing the court to set aside the award for a mistake of law.

Argued March 16, 1896. Appeal, No. 389, Jan. T., 1895, by plaintiff, from order of C. P. Bradford Co., Sept. T., 1892, No. 753, sustaining exceptions to award of arbitrators. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and FELL, JJ. Affirmed.

Assumpsit to recover penalty for taking a greater rate of interest than that allowed under sections 5197 and 5198 of the revised statutes of the United States.

The case by agreement was referred to three arbitrators under the act of June 16, 1836.

The arbitrators reported as follows :

I. That an assignee for the benefit of creditors is a legal representative, in contemplation of section 5198 revised statutes of the United States, and that the suit is properly brought.

II. That the payment of the discount in currency or the reserving the discount in money is equally a payment, in violation of section 5198 revised statutes of the United States.

III. That the amount of interest, at the rate of 7 per cent or over, paid on the notes made by E. N. Frost & Son, and indorsed by E. M. Frost, as presented by plaintiff, for two years prior to September 3, 1892, was    .    .    .    .    .   $355 07

IV. Same on notes given by E. N. Frost & Son, and indorsed by Athens Furniture Co., Fitch & Co., and E. Mills, was    .    .    .    .    .    .    221 82

V. That the amount of interest charged generally at 7 per cent on notes made by Frost & Son, and not paid at maturity, was   .    .    .    .    .    .     1 21

$578 10

2

$1,156 20

They awarded $1,156.20 against the defendant in favor of the plaintiff.

Exceptions to the award of the arbitrators were sustained by the court in an opinion by PECK, P. J.

*Error assigned* was in setting aside the award of arbitrators.

*Rodney A. Mercur, Ulysses Mercur* with him, for appellant. —The court had power to set aside the award of the arbitrators : Williams v. Craig, 1 Dallas, 313 ; Robinson v. Bickley, 30 Pa. 384 ; Rogers v. Playford, 12 Pa. 181 ; Shisler v. Keavy, 75 Pa. 79 ; Buckwalter v. Russell, 119 Pa. 495 ; Rex v. Ins. Companies, 2 Phila. 362 ; Coleman v. Lukens, 3 W. & S. 43 ; Betz v. Delbert, 16 W. N. C. 360 ; Potter v. Invester, 1 Chester C. 411 :

Hains v. Moyer, 1 Woodward, 171; Finch v. Lamberton, 62 Pa. 370; Wilcox v. Payne, 88 Pa. 154; Browning v. McManus, 1 Wharton, 177; Brown v. School Directors, 18 Pa. 78; Bartolett v. Dixon, 73 Pa. 129.

The presence of Osborn's name cannot prevent a recovery, for if necessary the name of Osborn might be regarded as surplusage: Wilmarth v. Mountford, 8 S. & R. 124; Jones v. Martins, 13 Pa. 614; Filson v. Dunbar, 26 Pa. 475.

While it is true, the words " legal representatives " ordinarily mean executors or administrators, or heirs, they are often construed to mean successors and assigns, receivers and assignees: Duncan v. Walker, 2 Dallas, 205; Com. v. Bryan, 6 S. &. R. 81; Monongahela Nat. Bank v. Overholt, 96 Pa. 327; Hammond v. Organ Co., 92 U. S. 724; Warnecke v. Lembca, 71 Ill. 91; Stanley v. Wharton, 9 Price, 301; Reed v. Northfield, 13 Pick. 94; Gray v. Bennett, 3 Metcalf, 527; Brandon v. Pate, 2 H. Bl. 308; Brandon v. Sands, 2 Vesey, Jr. 514; Crocker v. Bank, 4 Dillon, 358; Bank v. Trimble, 40 Ohio, 629; Barbour v. Bank, 45 Ohio, 133; Lewis's Exrs. v. Barry, 72 Pa. 18; Lancaster Co. Nat. Bank v. Huver, 114 Pa. 216.

The arbitrators were correct in their second finding: Lebanon Nat. Bank v. Karmany, 98 Pa. 65; Fleckner v. Bank of the United States, 8 Wheat. 339; Nat. Bank of Gloversville v. Johnson, 104 U. S. 276; State v. Boatmen's Sav. Inst., 48 Mo. 191; Bank of the United States v. Owens, 2 Peters, 527; Danforth v. Nat. State Bank, 29 W. N. C. 22.


*E. Overton, H. F. Maynard* with him, for appellee.—The assignee for the benefit of creditors could not maintain this suit in his own name: Lewis's Exr. v. Barry, 72 Pa. 18; Glenn v. Marbury, 145 U. S. 499; Pritchard v. Norton, 106 U. S. 124; Yeager v. Wallace, 44 Pa. 294; Power v. Hollman, 2 Watts, 221; Moncure v. Hanson, 15 Pa. 385; 2 Troubat & Haly's Practice, 135; Fulton's Est., 51 Pa. 214; Furst to use v. B. & L. Assn., 128 Pa. 183.

When illegal interest has been knowingly stipulated for but not paid, there only the sum lent, without interest, can be recovered: Barnet v. Bank, 8 Otto, 555.

Where the illegal interest has been paid, then twice the amount so paid can be recovered in a penal action of debt or

suit brought by the person paying the same or his legal representative: Farmers' & Mechanics' Nat. Bank v. Dearing, 91 U. S. 29; Stephens v. Bank, 111 U. S. 197; Kearney v. Bank, 129 Pa. 577.

The substitution of one debt for another is not payment, nor the substitution of one evidence of a debt for another: Saving Institution's App., 94 Pa. 312; Dougherty Bros. & Co. v. Bank, 93 Pa. 227; Lancaster Bank v. Huver, 114 Pa. 216.

The court has no power to alter or change an award: Post v. Sweet, 8 S. & R. 391; Waage v. Weiser, 5 Wharton, 311; Kidd v. Emmett, 72 Pa. 150.

McCahan v. Reamey, 33 Pa. 535, holds that in reference of this kind the right to except for a mistake of fact or law is given: Williams v. Craig, 1 Dallas, 313.

OPINION BY MR. JUSTICE MITCHELL, May 18, 1896:

The referees having not only made an award but added to it special findings which show the principles on which they acted, the case comes directly within the provisions of sec. 7 of the act of June 16, 1836, P. L. 717, authorizing the court to set aside the award for a mistake of law.

1. The referees held that the action could be sustained by the assignee for the benefit of creditors in his own name. This was clear error. It was held in Pritchard v. Norton, 106 U. S. 124, 130, that "whether an assignee of a chose in action shall sue in his own name or that of his assignor is a technical question of mere procedure, and determinable by the law of the forum." See also Glenn v. Marbury, 145 U. S. 499-508, where it was said that "a chose in action is not assignable so as to authorize the assignee to sue at law in his own name, unless the right to do so is given by a statute, or by settled law in the jurisdiction where suit is brought. This is the well established rule of the common law." The form of the present suit, therefore, including the proper party plaintiff, must be determined by the law of Pennsylvania, and it is settled here, that a voluntary assignee for the benefit of creditors cannot sue in his own name: Levy v. Levy, 78 Pa. 507; Germantown Ry. Co. v. Fitler, 60 Pa. 124, 131. We are not now referring to suits by receivers, assignees in bankruptcy or others deriving their powers directly from decrees of courts. Rights of such

parties depend on the wording of the statutes and decrees under which they act, and which determine the nature of the title, whether legal or equitable, that passes to them.

2. But the objection to the present action is not a mere technicality as to the nominal plaintiff. The right of action did not pass in any form by the assignment for the benefit of creditors. The act of congress (Revised Stats. U. S. section 5198) authorizes the action by the party paying the illegal interest, or his "legal representatives." No decision has been cited showing that the meaning of this term has been fixed by the Supreme Court of the United States, but on the contrary it is held that the question of the parties meant to be designated thereby is one of procedure according to the law of the place where suit is brought: Pritchard v. Norton and Glenn v. Marbury, supra.

In Pennsylvania the term legal representatives means executors and administrators. It is true that if the subject-matter or the context shows that the words are used in a different sense, whether in a statute or a contract the courts will give them the meaning intended. Thus they may mean next of kin, Ralston v. Waln, 44 Pa. 279, or if land be the subject they may be construed to refer to heirs, devisees or alienees, Duncan v. Walker, 2 Dall. 205; Ware v. Fisher, 2 Yeates, 578; Cochran v. Cochran, 127 Pa. 486, 490. But exceptio probat regulam, and in the absence of such exceptional circumstances the reasoning of all the cases shows that the settled meaning is administrators or executors.

There are no such exceptional circumstances in the present case. The action is not contractual in its origin but is for a statutory penalty: Osborn v. Bank, 154 Pa. 134. The enforcement of it is a personal privilege or right of the party aggrieved. He could not be compelled by his creditors to bring an action to enforce it, nor does any right to do so pass to the assignee for their benefit. It is very similar to the right under our act of 1858 to recover usurious interest paid. The action in that case is personal to the debtor paying, and cannot be enforced by creditors or for their benefit unless the usury was contracted for and paid with the express intent to hinder or defraud the creditors : Lennig's Appeal, 93 Pa. 301; Stayton v. Riddle, 114 Pa. 464. Yet the right of action in that case is contractual in

that it is a statutory right to rescind a contract in part, even after it is executed, and is not nearly so penal in its nature as the right under the act of congress. We are of opinion therefore that the right of action under the act of congress is personal to the debtor, and that an assignee for the benefit of creditors is not his "legal representative" within the meaning of the act.

This decision is not necessarily in conflict with Monongahela Nat. Bank v. Overholt, 96 Pa. 327, as it was there held that the right of action passed to an assignee in bankruptcy. This officer, like a receiver, as already said, derives his powers from the statute and the decree appointing him, and stands on a different footing from a voluntary assignee for the benefit of creditors. It was said in that case that the decisions of the federal courts were conflicting, and it is proper to say now that in view of the subsequent trend of opinion in those courts upon the national banking act, even in the absence of an authoritative settlement of the question by the Supreme Court of the United States, it may be necessary to reconsider the point decided in Bank v. Overholt. But that is not now before us.

3. The second special finding by the referees is not clearly expressed, but appears to be based on the view that the charge of interest in excess of the legal rate, in making renewals of the notes, was equivalent to payment in cash. This was also clear error. The act of congress draws a distinct line between reserving or charging excessive interest, and receiving it. In the former case the entire interest is forfeited and no part of it can be recovered, but that is the extent of the penalty. In the latter case the bank is liable to a penalty of double the amount of the usurious interest, but only to the party who has actually paid it. If this were not the case as was said by the chief justice in Kearney v. Nat. Bank, 129 Pa. 577, "the penalty might be recovered without the payment of either principal or interest." This is the uniform rule of our own cases and of the Supreme Court of the United States: Brown v. Nat. Bank, 72 Pa. 209; Kearney v. Nat. Bank, 129 Pa. 577; Barnet v. Nat. Bank, 98 U. S. 555.

Judgment affirmed.