# Birmingham Public School District, Appellant, v. Sharpless.

*Deed—Condition subsequent—Forfeiture—Abandonment—School law—Act of April* 11, 1862, *P. L.* 471.

Where land has been conveyed to a school district upon condition that it shall be used for school purposes only with a right of re-entry for condition broken to the grantor, "his heirs or legal representatives if they be so minded and deem the same expedient," a purchaser at sheriff's sale of the rights of the grantor who had entered into possession of the property, cannot enforce a forfeiture against the school district where it appears that prior to .the

plaintiff's entry the school board had voted that the school should be moved "temporarily," to another school house, but that this vote had not been taken in the manner provided by the Act of April 11, 1862, P. L. 471, and that the removal had not been approved by a portion of the citizens of the district.

In an action of ejectment brought in such a case to enforce the rights of a school district to the land, the defendant cannot be permitted to set up as a ground of forfeiture the failure of the district to institute proceedings at an earlier date to eject him. One in possession claiming adversely has no standing to allege that he should have been promptly ejected in order to avoid a breach of the condition of the deed.

Argued Nov. 23, 1904. Appeal, No. 111, Oct. T., 1904, by plaintiff, from judgment of C. P. Chester Co., Aug. T., 1903, No. 33, on verdict for defendant in case of Birmingham Public School District v. Benjamin Sharpless. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Ejectment for ground in Birmingham Township. Before HEMPHILL, P. J.

At the trial it appeared that in 1842, Enos Painter conveyed the land in question to a school district in fee " for the establishment of common schools." Other facts are stated in the opinion of the Superior Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendant.

*Error assigned* among others was in giving binding instructions for defendant.

*C. Wesley Talbot,* for appellant.—Under the terms and conditions in this grant, we hold as a well-settled abstract principle of law, that nothing short of a misuser of the premises would entitle the grantor, or his heirs, or legal representatives, to a reëntry thereupon, and until such a misuser is clearly shown by competent and proper evidence, the grantee cannot be dispossessed of its estate in the lands granted.

The resolution of the board of directors, offered in this case by the defendant, upon which an abandonment is relied, does not show any compliance whatever with the requirements of the act of assembly : Dennison Twp. School Dist. v. Padden, 89 Pa. 395 ; Dyberry School Dist. v. Mercer, 115 Pa. 559.

Real estate conveyed to trustees for a schoolhouse and place of religious worship, with the condition, that if it be used for any other purpose, it shall revert to the grantor or his heirs, is not forfeited by mere nonuser: Pickle v. McKissick, 21 Pa. 232 ; Wright v. Linn, 9 Pa. 433.

As breach of condition in a deed generally defeats or destroys the estate granted, the courts are inclined to construe them so as to obviate that result: Sharon Iron Co. v. Erie, 41 Pa. 341.

Under the rulings of our courts in Pennsylvania, it has been held that there is no policy of law which forbids the reservation of a right of entry, to the assigns of the grantor: McKissick v. Pickle, 16 Pa. 140 ; Scheetz v. Fitzwater, 5 Pa. 126 ; Dana v. Wentworth, 111 Mass. 291 ; Ralston v. Waln, 44 Pa. 279 ; Osborn v. First Nat. Bank, 175 Pa. 494.

*J. Frank E. Hause,* for appellee.—The title of the school district was terminated : Davis v. Moss, 38 Pa. 346 ; Fritz v. Menges, 179 Pa. 122.

OPINION BY HENDERSON, J., April 17, 1905 :

The deed from Enos Painter to James Bailey and others vested in the grantees an estate in fee, upon condition, however, that " if at any time hereafter the said premises hereby granted shall be used or occupied for any other purpose whatsoever than those for which the same are now intended to be granted, the said Enos Painter, as aforesaid, or his heirs or legal representatives, shall, if they be so minded and deem the same expedient, have full privilege and authority to enter upon and take possession of the said premises as in their first and former estate in the same prior to the execution hereof." The condition imposed is a condition subsequent, and the estate having vested continues until determined by a breach of the condition and re-entry for condition broken. Under this title the school district took possession of the property, erected a schoolhouse thereon, and remained in legal possession thereof until the defendant entered under his deed from the trust company in October, 1897. The plaintiff's action was resisted on the ground that the title to the property was forfeited by a breach of the condition in the Painter deed, and as evidence of such breach the resolution of the school board of April 6, 1895, was

relied upon. This is insufficient to establish the fact. If we assume that a nonuser of the property is a misuser according to the condition in the deed, the resolution referred to by its very terms negatives the theory of an abandonment. It provided that the school be moved "temporarily" to another schoolhouse and clearly indicates that it was not at that time the intention of the board of directors to permanently abandon the property. The evidence does not disclose any other action of the school board amounting to an abandonment, and there is evidence showing that it exercised control over the lot in the summer of 1896.

If the resolution of the board of directors sustains the interpretation given to it by the appellee it was ineffective to produce that result, because of the requirements of the Act of April 11, 1862, P. L. 471, which provides, inter alia, that no schoolhouse shall be located or its location abandoned or changed except by the affirmative votes of a majority of the whole board of directors ; and in every such case the names of the members voting in the affirmative and negative shall be entered on the minutes of the board by the secretary.

It is said in Dyberry School District v. Mercer, 115 Pa. 559, that the provisions of this act are wise and wholesome, and that they must be strictly complied with in the appointment or dismissal of a school teacher. More strongly should this rule be enforced when applied to the disposal of school property upon which valuable improvements had been made at the expense of the district, and which had remained in the possession of the district more than half a century. The action of the school board as indicated by the resolution did not amount to a breach of the condition in the deed, and if not, when did a right of re-entry arise ? The defendant went into possession in 1897, when he purchased the farm of which the school lot had been a part. By such occupancy he excluded the appellant, and has continued so to do up to this time. The evidence in the case does not warrant the conclusion that the appellant had lost its title by anything done up to the time that the defendant went into possession of the property, nor can he be permitted to set up as a forfeiture the failure of the district to institute proceedings at an earlier date to eject him. One in possession claiming adversely has no standing to allege that he should have

been promptly ejected in order to avoid a breach of the condition of the deed. Moreover, the evidence shows that in 1898 citizens of the district presented petitions to the school directors to reopen the school at the Painter schoolhouse, thereby indicating that they favored the maintenance of a school at that place. This evidence shows that a portion of the persons interested in the trust were not only not consenting to the nonuser of the property, but were insisting on its use for the very purposes of the grant. Pickle v. McKissick, 21 Pa. 232, is authority for the proposition that no improper use of the property so held could be taken advantage of as a breach of the condition unless such use was with the acquiescence of those interested in the trust, as well as those who had the management of it. No evidence of misuser is disclosed by the testimony, and we do not find evidence warranting the conclusion that at any time such a breach of the condition in the deed was committed as entitled the grantor or his heirs or legal representatives to re-enter.

The defendant's position is not defensible from another point of view. The reservation in the deed of the right of re-entry is to the grantor, " his heirs or legal representatives if they be so minded and deem the same expedient." The defendant's title was acquired through a sheriff's sale of the farm out of which the school lot was taken under foreclosure proceedings on a mortgage given in 1887. A breach of the condition does not, ipso facto, revest the title in the grantor. It only gives a right of entry of which he may take advantage for the purpose of reacquiring the estate. He may not care to take advantage of the breach, and if he do not there is no forfeiture. At common law none but the grantor or his heirs could enter for condition broken. It was held, however, in McKissick v. Pickle, 16 Pa. 140, that there was no rule of policy in this state prohibiting a grantor from making a reservation in favor of others than himself and heirs. The reservation in the deed under which the plaintiff claims includes the grantor's legal representatives. In Pennsylvania the term legal representatives means executors and administrators : Ralston v. Wahn, 44 Pa. 279 ; Osborn v. First National Bank, 175 Pa. 494. Where the subject-matter of the context shows that the words were used in a different sense, the courts will give them the mean-

ing intended ; but we see nothing in the language of the condition which requires exceptional interpretation in this case. " The law raises every intendment in favor of a charity against the grantor or those claiming under him : " McKissick v. Pickle, 16 Pa. 148. In this view of the case the defendant does not sustain a relation to the land which would authorize an entry to enforce a forfeiture. He was neither an heir nor a legal representative, and therefore not protected by the reservation in the condition. We are not required, however, to dispose of the case upon this feature of it, in view of our conclusion that no sufficient evidence of forfeiture was exhibited to authorize a re-entry under the terms of the condition. The learned trial judge attributed to the action of the school board an effect which that action does not produce, and the instruction to the jury to render a verdict for the defendant was erroneous.

The judgment is therefore reversed and a venire facias de novo awarded.