# Rotonti *v.* Pennsylvania Railroad Company Appellant.

*Negligence—Railroads—Beneficial associations—Suit of widow— Mother as beneficiary—Acts of April 15, 1851, P. L. 674, and April 26, 1855, P. L. 309.*

1. Where the widow of a member of a railroad relief association, brings a suit against the railroad company for the death of her husband and compromises such suit, the mother of the member who was his beneficiary, cannot subsequently maintain a suit against the company for death benefits, where it appears that the rules of the association provided that a suit brought by "a member or his legal representative" barred any recovery on the relief contract.

2. Under sec. 19 of the Act of April 15, 1851, P. L. 669, the widow is the "legal representative" who is entitled to bring an action for death.

Argued Dec. 14, 1911. Appeal, No. 245, Oct. T., 1911, by defendant, from order of C. P. No. 3, Phila. Co., June Term, 1909, No. 1,808, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Maria Rotonti v. Pennsylvania Railroad Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Assumpsit for death benefits.

The opinion of the Superior Court states the case.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Edw. J. Sellers*, of *Sellers & Rhoads*, for appellant.—The case must be governed by the lex loci delicti commissi (the law of a place where a tort is committed): Northern Pac. R. R. Co. v. Babock, 154 U. S. 190.

In the present case a judgment for defendant was obtained and a sum paid in compromise to the only legal representative, or person entitled by law, either of which, it is contended, was sufficient to preclude recovery in the present suit: Jack v. R. R. Co., 43 Pa. Superior Ct. 337;

Osborn v. First Nat. Bank, 175 Pa. 494; Hughes v. R. R.
Co., 202 Pa. 222; Ringle v. Penna. R. R. Co., 164 Pa.
529; Otis v. Penna. Co., 71 Fed. Repr. 136; Johnson v.
Phila. & Read. R. R. Co., 163 Pa. 127; Com. v. Equitable
Beneficial Assn., 137 Pa. 412; Northwestern Masonic Aid
Assn. v. Jones, 154 Pa. 99; Myers v. Fritchman, 6 Pa.
Superior Ct. 580; Hughes v. D. & H. Canal Co., 176 Pa.
254; Hill v. R. R. Co., 178 Pa. 223.

*John C. Gilpin,* with him *Marcel A. Viti* and *Graham &
Gilfillan,* for appellee.—The primary and ordinary mean-
ing of the words "legal representative," is executor or
administrator.

There is nothing in this case to require any other than
the ordinary meaning of the words, "legal representative:"
Maiorano v. Baltimore & Ohio Railroad Co., 216 Pa. 402;
Black v. Baltimore & Ohio Railroad Co., 224 Pa. 519.

OPINION BY BEAVER, J., March 1, 1912:

The plaintiff brought her action against the defendant
for death benefits arising out of the membership of her
son in the relief fund maintained under the supervision
of the defendant company, in whose employ he served
at the time of his death.

An affidavit of defense was filed, in which it was alleged
"that the widow of the decedent had brought suit against
the defendant in the United States district court, which
was pursued to final judgment for the defendant, and that,
after that, she settled and compromised with the defend-
ant, in pursuance of which she was paid $230 in com-
promise of said suit and discharge of all claims and de-
mands by reason of the death of her husband aforesaid,"
and, April 15, 1909, the said widow executed and delivered
to defendant a release, a copy of which is hereunto ap-
pended and forms part hereof, said release having been
executed by said widow under the surname of Rotondo
instead of Rotonti, said spellings having been used by
both decedent and his said widow.

The fifty-eighth section of the rules of the relief association, of which the decedent was a member and in which he named his mother as beneficiary, provides as follows: "58. Should a member or his legal representative make claim, or bring suit, against the company, or against any other corporation which may be at the time associated therewith in administration of the Relief Departments, in accordance with the terms set forth in Regulation No. 6, for damages on account of injury or death of such member, payment of benefits from the Relief Fund on account of the same shall not be made, until such claim shall be withdrawn or suit discontinued. Any compromise of such claim, or suit, or judgment in such suit, shall preclude any claim upon the Relief Fund for benefits on account of such injury or death, and the acceptance of benefits from the Relief Fund by a member, or his beneficiary or beneficiaries, on account of injury or death, shall operate as a release and satisfaction of all claims against the company and any and all of the corporations associated therewith in the administration of their Relief Departments, for damages arising from such injury or death."

The defendant claims that the suit brought by the widow against the defendant, for damages resulting from his death, precludes a recovery by the beneficiary for the death benefits arising under the operation of the relief department from which she claims to recover the amount otherwise due her as the beneficiary of the decedent.

The court entered judgment for want of a sufficient affidavit of defense, on the ground that the widow who brought the suit in the district court of the United States for damages was not the legal representative of the decedent within the meaning of that phrase in the section of the rules of the department above quoted. The court bases its opinion in that regard upon Osborn v. First National Bank, etc., 175 Pa. 494. The paragraph upon which that conclusion rests is as follows: "In Pennsylvania, the term 'legal representatives' means executors and administrators. It is true that, if the subject-matter or the con-

text shows that the words are used in a different sense, whether in a statute or a contract, the courts will give them the meaning intended. Thus, they may mean next of kin, Ralston v. Waln, 44 Pa. 279, or, if land be the subject, they may be construed to refer to heirs, devisees or alienees: Duncan v. Walker, 2 Dall. 205; Ware v. Fisher, 2 Yeates, 578; Cochran v. Cochran, 127 Pa. 486, 490. But exceptio probat regulam, and in the absence of such exceptional circumstances the reasoning of all the cases shows that the settled meaning is administrators or executors."

We have endeavored to show, in an opinion this day filed in Snyder v. Penna. R. R. Co., ante, p. 67, that the words legal representatives in sec. 58 are exceptional and that, under the eighteenth and nineteenth sections of the Act of April 15, 1851, P. L. 669, the legal representatives under the eighteenth section are the personal representatives and under the ninteenth section are the widow, or, in case there be no widow, the personal representatives are the legal representatives, and this, as we view it, is necessarily so, because under the eighteenth section, no one but the personal representatives of the deceased may be substituted as plaintiff to prosecute the suit brought by the decedent in his lifetime to final judgment and satisfaction; and, under the nineteenth section, in case no suit be brought by the decedent in his lifetime, no one but the widow, if there be one, has the right to institute and maintain such an action; but, in case there be no widow, then the right to institute and maintain the action goes by the provisions of the act itself to the personal representatives. And this has been clearly held in Hill v. Penna. R. R. Co., 178 Pa. 223.

So in 25 Cyc. 176, the general rule, based upon Hill v. R. R. Co., 178 Pa. 223, and other Pennsylvania cases, and a number in other states, is thus stated: "In the common use of the words and in its ordinary signification," legal representative is "a term equivalent to 'executor' or 'administrator.' However the meaning to be attached

to these words in any particular case is often controlled by the context and the intent with which they are used, as well as by the existing state of things and the relative situation of the parties to be affected." Then follow thirty-seven different persons who have been held to be a legal representative under the peculiar circumstances of the case, including a widow.

We are clearly of opinion, therefore, that the court held Osborn v. Bank, 175 Pa. 494, too strictly and, instead of following the rule, should have followed the exceptio probat regulam spoken of in the opinion of Judge MITCHELL above quoted.

The court also says: "As it is possible for a member to bring suit in his own right for injuries and for that suit to continue under the name of his executors or administrators after his death, we are obliged to give to the words 'legal representatives' their plain and usual meaning and not seek to find a meaning in them which is not necessary or imperative." The case referred to, however, is under the eighteenth section of the act, but, under the nineteenth, it is necessary and imperative for the widow, if there be one, to bring the action, and not the personal representatives, who are only named in the absence of a widow. The widow, being named in the act itself as the only person to bring suit for damages resulting from the death of her husband, is, by virtue of the terms of the act itself, his legal representative for that purpose, and the statute itself having made her such, we cannot, by a forced construction, negative the effect of the statute.

We are all of opinion, therefore, that, if the facts set forth in the affidavit of defense are shown to exist, as we must presume they will be at the trial, that such a defense will avail against the claim of the beneficiary who seeks to recover the death benefit under the contract made by the decedent with the defendant company.

Judgment reversed, with a procedendo.