# Watterson *v.* Pennsylvania Railroad Co., Appellant.

*Beneficial associations—Railroad relief department—By-laws—Benefits—Failure to withdraw suit.*

Where one of the rules of a beneficial society provides that in the event of suit to recover damages for the death of a member "payment of benefits from the relief fund shall not be made unless such claim shall be withdrawn or such suit shall be discontinued before the trial thereof or decision rendered therein" and the beneficiary declines her benefits, brings suit for damages and after jury sworn presents her evidence and closes her case and the court enters a compulsory nonsuit at the instance of the defendant, which upon motion of plaintiff filed the following day, the court takes off and permits the plaintiff to enter a voluntary nonsuit, the beneficiary cannot recover such benefits by a suit subsequently brought against the same defendant.

Argued May 8, 1916. Appeal, No. 11, April T., 1916, by defendant, from order of C. P. Armstrong Co., Sept. T., 1912, No. 144, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Ada L. Watterson v. The Pennsylvania Railroad Company. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Assignment of Error—Opinion of the Court. [64 Pa. Superior Ct.

Assumpsit for death benefits.    Before KING, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was making absolute rule for judgment for want of a sufficient affidavit of defense.

*Orr Buffington,* with him *O. W. Gilpin,* for appellant, cited: Snyder v. P. R. R. Co., 49 Pa. Superior Ct. 111; Rotonti v. P. R. R. Co., 49 Pa. Superior Ct. 595; Johnson v. P. & R. Ry. Co., 163 Pa. 127.

*C. E. Harrington,* with him *Harry C. Golden,* for appellee, cited: Hostetter v. Kaufman, 11 S. & R. 146; Conneaut Lake Agricultural Assn. v. Surety Co., 225 Pa. 592; Consolidated Nat. Bank v. McManus, 217 Pa. 190; Moreland Twp. v. Gordner, 109 Pa. 116; Rotonti v. Penna. R. R. Co., 49 Pa. Superior Ct. 595; Willock v. Beaver Val. R. R. Co., 229 Pa. 526; Bousquet's Est., 206 Pa. 534; Smith v. Lehigh Valley R. R. Co., 232 Pa. 456.

OPINION BY TREXLER, J., July 18, 1916:

The plaintiff's decedent was killed while in the employ of the defendant company.  Suit was brought and the matter proceeded to trial and after plaintiff's testimony was heard, a compulsory nonsuit was entered on motion of defendant's attorneys.  In entering the nonsuit the court made the following comment: "Hence, gentlemen of the jury, while we regret that this lady is unable to recover for the loss of her husband, yet, in our opinion, it is our duty to grant a compulsory nonsuit, but we will give leave to the plaintiff, at any time before final determination of this question, to petition the court for leave to enter a voluntary nonsuit; so that disposes of the case."  On the following day on motion of plaintiff's counsel the court entered an order as follows: "A voluntary nonsuit is now entered nunc pro tunc this 18th day of November, 1911, as of the date of November 17, 1911,

and the compulsory nonsuit heretofore granted is now taken off."

The present suit is brought for the recovery of benefits from the relief department of the defendant company. Section 58 of the regulations governing the relief department of the defendant company provides, "Should claim be presented or suit brought against the company......for damages on account of injury or death of a member, payment of benefits from the relief fund on account of such injury or death shall not be made, unless such claim shall be withdrawn or such suit shall be discontinued before trial thereof or decision rendered therein."

The purpose of the rule is manifest. The beneficiary has one of two courses open to him. He may proceed by suit and have the matter determined in a court of law or he may take the benefits that he is entitled to under the rule. He has to choose between these alternatives. If he brings suit, he cannot make a claim on the relief fund unless the claim is withdrawn or the suit be discontinued before trial or decision rendered therein. In the opinion of the writer, the evident meaning of the section is that if the matter proceeds to an actual trial or even if before trial a decision is rendered involving the merits of the case, the plaintiff's right to relief under the rule is barred. To give all the words of this section due effect, the suit must be withdrawn before trial. Obviously the words, "before trial" are to serve some purpose and if we hold that even if the case proceeds to trial the plaintiff may withdraw or discontinue the suit, after he has presented his case, it destroys the effect of the rule. But if we were to go so far as to say that the word "therein" following "decision" refers to trial and not to suit, we would be of the opinion that the action of the court in the case before us was a decision of the case. When it entered a compulsory nonsuit, the court definitely decided that the plaintiff could not recover. The subsequent action of the court in taking off the nonsuit

did not change the fact that there had been a decision. Had the matter been left to the jury and the jury brought in a verdict for the defendant and the court granted a new trial and upon such new trial the plaintiff had then suffered a voluntary nonsuit, applying the same reasoning, the result would be that the claimant could risk the hazard of trial and before final judgment, if the court would lend its aid, still keep his claim against the fund. Thus the management of the fund would be harassed by law suits and costs and still be liable for the death claim. Such a construction would take the very heart out of the 58th Section above quoted and defeat its evident purpose. It was decided in Snyder v. Penna. R. R. Co., 49 Pa. Superior Ct. 111, that the entry of a nonsuit in an action for injury or death of a member of a relief fund precludes any claim upon the relief fund where a "judgment in such suit" bars the action. See also Rotonti v. Penna. R. R. Co., 49 Pa. Superior Ct. 595.

We feel constrained to carry out the evident intention of the rule and not to aid in an attempt to evade its provisions and by some technical distinction prevent its application.

The judgment is reversed with a procedendo.