## Olney Bank and Trust Company Case
### (Levison's Appeal).

Argued November 1, 1934.

Before

TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER and JAMES, JJ.

*Albert H. Friedman,* and with him *Harry Langsam,* for appellant, filed no brief.

*Heilner H. Gaul,* Special Counsel, *William A. Schnader,* Attorney General, and *Shippen Lewis,* Special Deputy Attorney General, for appellee.

OPINION BY JAMES, J., February 1, 1935:

On or about January 2, 1916, Harry Altman opened a savings fund account with the Olney Bank and Trust Company in the name of "Harry Altman, trustee Esther Altman." Esther Altman was his adopted daughter and was then about ten years old. Among the rules and regulations contained in the pass book is the following:

"IV"

"Every deposit made by one person for the benefit of another person shall be expressed to be 'in trust,' and no deposit shall be received or be expressed to be received from one person 'by' another person, or by one person 'for' another person. The trustee, or his legal representative or successor, shall alone be entitled to receive payment, and his or their, receipt with the production of the deposit book will be a full discharge to the bank."

Harry Altman died intestate on December 5, 1920, and his wife, Sarah Altman, became administratrix of his estate. In the early part of 1921, on the signature card, which was filed by Harry Altman, appeared the notation that H. Altman died and Sarah Altman was appointed as administrator of his estate. The name of Harry Altman, trustee, was stricken out and the words "Sara Altman, trustee for Esther Altman" were substituted. On the 8th of January, 1921, A. Plotka was appointed guardian of Esther Altman. On January 14, 1921, Sara Altman drew $300 from the savings fund, and receipted for it in the name of Sara Altman, trustee; on February 1, she receipted for the sum of $1,000 in the name of Sarah Altman, trustee, and on November 23, 1921, she receipted for the sum of $276.05, in the name of Sara Altman, adminx. The evidence further shows that on February 1, 1921, the date that the $1,000 was withdrawn from the savings account, a like amount appeared as a deposit on the account of Sarah Altman, administratrix of Harry Altman, deceased, although there was no evidence to show that this was money which she had withdrawn from the trust account. In the account filed by Sarah Altman, as the administratrix, she did not account for the moneys withdrawn from the above mentioned account. On February 14, 1928, Esther Altman became of age and on February 15, 1930, she gave notice to the bank of her intention to withdraw the sum of $1,576.05, being the full amount of the deposit as it stood at the death of her father. This the bank refused to do and offered to make payment of a balance of $148.58, which it alleged was the true balance. On October 2, 1931, the bank was closed by the Secretary of Banking, and at the audit of his first account as receiver, Esther Altman claimed a status above that of depositors with respect to the amount on deposit at her father's death, and claimed a depositor's status

with respect to the amount of the interest which would have been added to the first amount had it remained untouched from the year of her father's death to the close of the account. Judge FINLETTER, who audited the account, decided that the bank had properly paid the moneys to the administratrix of the trustee and that the claimant was in any event barred by the statute of limitations. Exceptions to this adjudication were dismissed by the court in banc, from which order of dismissal this appeal was taken.

The main question raised by appellant is that the court erred in holding that the bank was authorized in making the payments to Sarah Altman as administratrix of the estate of Harry Altman, as she answered the designation of either legal representative or successor. Appellant frankly concedes that in order to prevent the trust from falling, the legal title should be given to the personal representative of the deceased, but contends that as administratrix she has but a naked title with no power to exercise any rights over the subject matter. To concede that as administratrix she has a legal title, is to concede the very point which is in dispute because as far as the bank was concerned it had no knowledge further than the form in which the account was placed and was only obligated to pay to the person in whose name the account stood or to his legal representative or successor. There was no duty resting upon the bank to follow the funds paid out to determine whether they had been properly accounted for to the cestui que trust. The general rule is that upon the death of a trustee of personal property and where no successor has been appointed by the proper court, the property held in trust goes to the personal representative of the deceased trustee, but not as an asset of the estate of which he is the executor or administrator because he takes such personalty subject to the trust and so long

as it can be traced and distinguished it inures to the benefit of the cestui que trust: 26 R. C. L. Sec. 108, p. 1260, Sec. 127, p. 1277. Prima facie it is the duty of the executor of a trustee of personal property upon receiving the same to state an account thereof in behalf of the trustee: Dunlap et al. v. Dunlap, 92 Pa. Superior Ct. 603, 65 C. J. 637. Applying this rule to the facts in the present case, we believe the bank was fully authorized in paying the money to the administratrix of the estate of the trustee; but not only was the bank authorized under this general rule to pay the money to the administratrix of the estate but under the by-law of the bank it is specifically provided that the legal representative or successor of the decedent shall alone be entitled to receive payment and his or their receipt with the production of the deposit book will be in full discharge to the bank. Appellant contends that the words "legal representative" were only intended to apply to a legally appointed substituted trustee.

Under the by-law, the bank was authorized to pay the money either to the legal representative or successor. The term "legal representative" means executors and administrators, although when the subject matter or the context shows that the words are used in a different sense, either in statute or a contract, the court will give them the meaning intended: Osborn v. First Natl. Bank, 175 Pa. 494, 34 A. 858. We find nothing in the by-law which indicates any other meaning than that the term "legal representative" was to mean an executor or administrator. It may be that under the word "successor," it was intended to apply to a legally appointed substituted trustee, but the bank was authorized to pay to either. The Act of April 14, 1828, P. L. 453, Sec. 2, 20 PS §2764, which provides for the appointment of a substituted trustee, only applies whenever the trust is of such a nature as to require any personal attention or active duty to be per-

formed or the exercise of a power to be exerted on the part of the trustee. We do not think that this act applies to the type of trust relationship which existed between the appellant and her father. In the present instance it was the duty of the administratrix to state an account of this trust estate, and any balance should have been paid to her guardian who had been appointed. Neither do we see any force in the appellant's contention that because two of the withdrawals were made as trustee and the other as administratrix that the by-law had been violated. She became the substituted trustee solely by virtue of her position as an administratrix and it was immaterial whether she received the money as trustee or as administratrix, because in the final analysis it would be her duty to account for the withdrawals in either of the capacities in which she received the money. Having properly paid the money, the bank was under no duty to determine whether the funds which she received had been properly accounted for in the orphans court. In view of this determination, we shall not discuss other questions raised by the appellant.

Appeal dismissed at the cost of the appellant.