**Chissler, Admx. v. Nationwide Insurance Co.**

Before Brominski, P. J., and Podcasy, J.

*Perry J. Shertz,* for plaintiff.

*Anthony J. Ciotola,* for defendant.

PODCASY, J., May 24, 1974.—On December 31, 1966, a collision occurred in the City of Wilkes-Barre between an automobile driven by Richard Kuczynski and an automobile driven by Robert Kosenak, as a result of which Harry Chissler, a guest passenger in the Kuczynski car, was fatally injured. Kuczynski had no liability coverage, whereas Kosenak had $10,000 liability coverage with Nationwide.

Following Chissler's death, letters of administration were issued to his mother, Elizabeth Chissler, plaintiff herein.

Mrs. Chissler, acting as administratrix of her deceased son's estate, retained counsel to handle the wrongful death and survival actions arising from the fatal injury to her son. Unsuccessful settlement negotiations ensued, in the course of which her counsel offered to settle all claims, first for $9,500 and later for $10,000, prior to commencement of suit. Nationwide rejected both offers.

On December 22, 1967, counsel instituted suit on Mrs. Chissler's behalf against Nationwide's insured, Robert Kosenak. Thereafter counsel offered to settle first for $12,500, and later for $15,000, both of which offers were rejected by Nationwide.

On May 14, 1970, following trial by jury, verdicts were entered in favor of Mrs. Chissler and against Robert Kosenak in the total amount of $40,000 ($2,400 in the wrongful death action and $37,600 in the survival action). On October 6, 1972, Robert Kosenak's alternative motions for judgment n. o. v. or new trial were denied, following argument, in the course of which no issue was raised as to the verdicts being in any degree excessive. Judgment was entered on the verdicts on October 18, 1972. No appeal was taken by Kosenak personally or by his liability insurer, Nationwide, on his behalf.

Following entry of judgment Nationwide paid $10,000 to Mrs. Chissler toward satisfaction of the $40,000 judgment against its insured. No release was given, and the judgment was not marked satisfied. After receipt of this payment, Mrs. Chissler's counsel obtained from Robert Kosenak, the judgment debtor, an assignment of his claims against his own liability insurer, Nationwide, and the Chissler v. Kosenak judgment was thereupon satisfied.

In the case now before us, Mrs. Chissler, administratrix of her deceased son's estate, is suing as assignee of Robert Kosenak. She has set forth alternative causes of action against Nationwide, one being a count in assumpsit, alleging that Nationwide failed to fulfill its contractual obligation to act in good faith and with due care in the defense of Robert Kosenak, her assignor, and the second being a count in tort, alleging negligence on the part of Nationwide in representing Kosenak's interest in the course of investigating, negotiating, and defending her original claim against him. In each of these counts, plaintiff seeks recovery in the amount of $30,000 (the prinicpal balance due on her judgment against Kosenak), plus interest on the full $40,000 from May 14, 1970 (the date of the entry of the verdicts against Kosenak), plus costs. In a third count, in which plaintiff alleges wanton and willful misconduct by Nationwide, plaintiff seeks additional punitive damages in the amount of $50,000.

Defendant has filed preliminary objections to plaintiff's complaint, demurring to the count for punitive damages, and arguing misjoinder of the alternative assumpsit and tort claims set forth in the first two counts of the complaint. We now have before us these two matters for our consideration, and we shall deal with them in the sequence in which they have been presented by defendant's counsel.

We are of the opinion that defendant's demurrer to plaintiff's third count must be sustained.

Our view of the law is that, despite the provisions of the Probate, Estates and Fiduciaries Code of June 30, 1972 (No. 164), 20 PS 3371, to the effect that all causes of action except those for slander or libel survive the death of the plaintiff, claims which did not survive at common law are not assignable prior to judgment. This precludes assignment of bodily

injury claims: Meisel v. Little, 407 Pa. 546 (1962); Tugboat Indian Co. v. Ivarans Rederi et al., 334 Pa. 15 (1939); Manganiello v. Lewis, 122 Pa. Superior Ct. 435 (1936). Such actions did not survive at common law, nor did actions for wrongful death, which were nonexistent prior to passage of the appropriate enabling statutes: Marsh v. Western N. Y. & Pa. Ry. Co., 204 Pa. 229 (1903). Nor did actions of a punitive or "vindictive" nature survive: Sensenig v. Pa. Ry. Co., 229 Pa. 168 (1910); Osborn v. Bank, 175 Pa. 494 (1896). On this point we find the holding of Monongahela National Bank v. Overholt, 96 Pa. 327 (1881), of doubtful validity at best (see Osborn v. Bank, supra) and, in any event, distinguishable because the decision rests upon the court's interpretation of the specific provisions of the National Banking Act. The court in the Monongahela opinion expressly recognizes that, as a general proposition, the right to sue for a penalty is not assignable. We regard this as the controlling law applicable to the case before us, recognizing, nevertheless, that compensatory tort claims for damage to property are assignable prior to judgment: Lemley v. Pizzica, 36 D. & C. 2d 327 (1964); Maxon v. Chaplin, 9 D. & C. 2d 649 (1956); Hutchison v. Ash, 74 D. & C. 481 (1949); Moffitt v. Vesta Coal Co., 17 Wash. 204 (1936).

An excellent analysis of this subject is found in 15 Univ. of Pittsburgh Law Review 123.

We agree with defendant's argument that, with very rare exceptions, punitive damages are not allowable in actions for breach of contract: Keystone Diesel Engine Co. v. Irwin, 411 Pa. 222 (1963); Hoy v. Gronoble, 34 Pa. 9 (1859); Krapta v. Yelen, 42 Luz. Leg. Reg. 194 (1952); Restatement, Contracts, §342. Our decision to sustain defendant's demurrer does not, however, rest on this ground, for a count seeking

punitive damages would clearly be allowable as an adjunct to a compensatory count in tort, such as plaintiff's second count, if Robert Kosenak, rather than his assignee, were the plaintiff in this case: Hilbert v. Roth, 395 Pa. 270 (1959).

Defendant's petition raising the defense of misjoinder fails to convince us that we should disregard what we view as the very plain language of the Pennsylvania Rules of Civil Procedure.

Pa. R. C. P. 1020(d) (1), governing alternative pleading, states clearly that causes of action in assumpsit and trespass against the same defendant, arising out of the same transactions or occurrences, *shall* be joined in one action, in separate counts (emphasis ours). Joinder is thus mandatory, on pain of waiver of either one count or the other.

Pa. R. C. P. 1020(d) (3) provides that "no election of remedies between assumpsit and trespass shall be required at any time," and that "the court shall mold the verdict if necessary to prevent more than one recovery of the same item of damage."

It is settled law that an insured can sue his insurer either in trespass or in assumpsit in circumstances such as are alleged by plaintiff in her complaint: Gray v. Nationwide Mutual Ins. Co., 422 Pa. 500 (1966), and Cowden v. Aetna Casualty & Surety Co., 389 Pa. 459 (1957).

Defendant does not question the assignability of the assumpsit cause of action, and cases already hereinabove cited establish that the trespass cause of action, involving a tort against the property of the assignor rather than against his person, is equally assignable.

Plaintiff is not required to elect between assumpsit and trespass now or at any later stage in these proceedings, and we, therefore, enter the following

## ORDER

It is hereby ordered, adjudged and decreed as follows:

(1) Defendant's demurrer to plaintiff's third count is sustained, and said third count is hereby dismissed,

(2) Defendant's petition raising the defense of misjoinder of the first and second counts is hereby dismissed, and

(3) Defendant is hereby ordered to plead responsively to plaintiff's first and second counts within 20 days after receipt of a copy of this order.